Smith, J.
The railroad company instituted in the probate court- of this county, a proceeding to appropriate certain real estate, the property of Mrs. Barcalow, for railroad purposes. On the trial, the jury returned a verdict in her favor for $1,000.00, She filed a motion for a new trial, which was overruled by the court, which at the same time entered a judgment confirming the verdict, and going further perhaps, than was required by the law, adjudged that on the payment of the amount of the verdict and costs, the railroad company should be entitled to take possession of, and hold the property in question. The law gives this right upon the payment, or deposit in court, of the amount so found due and the costs, and the order of the court to this effect was probably surplusage, and of no particular force.
*50 Immediately after this, the railroad company not having made any such payment or deposit, so far as the record shows, Mrs. Barcalow having taken a bill of exceptions, on the overruling of her motion for a new trial, containing all of the evidence heard in the probate court, filed a petition in error in the court of common pleas, to reverse the j udgment of the trial court, on the ground that the verdict was against the evidence. No objection to the filing of this petition was made by the company, and on the hearing, the common pleas court reversed the judgment, and retained the case for trial in that court. Such trial was had, and a verdict rendered in favor of the landowner for $4,500.00, which was confirmed by the court. Thereupon the railroad company filed a petition in error in this court to reverse that judgment, and the judgment of reversal by the common pleas, the principal errors relied on being .- First, that the petition in error in the common pleas was prematurely filed, for the reason that no final judgment had been entered in the probate court, and therefore the common pleas had no jurisdiction to review the judgment of confirmation of the verdict, as the action was still pending in the probate court; and, second, that the court of common pleas, on the trial of the case in that court, refused to allow Dr. McWhinney, a competent witness, to testify in the case.
It is objected, however, by the counsel for Mrs. Barcalow, that under the authority of the case of The Railroad Company v. Bailey, 39 Ohio St. 170, the question whether the common pleas erred in reversing the judgment of the probate court, is not reviewable on error, for the reason, that even if there was error in the reversal, the railroad company having had the benefit of a trial in the common pleas must be content with that, and be deemed to have waived all right to have the judgment reversed for errors occurring before the last trial.
It was held in that case, that “ when the judgment of the probate court in an appropriation case is reversed in the eom- ' mon pleas court, and retained for trial there, that error will not lie to such judgment of reversal.” But we think it is manifest that this is to be understood to mean, that error will not lie until after the final judgment has been entered in the common pleas. The case before the supreme court was one in which the plaintiff in error, without waiting for the new trial *51 and final judgment, sought at once to review the question whether the reversal of the judgment of the probate court was right, while the case itself was pending in the common pleas. This, it was held, could not be done, and the court did not decide that after the new trial was had, (as was the case here), the appellate court could not review the correctness of the judgment of reversal. At one time we had a statute, (80 Ohio L. 169), which provided that when the district court reversed a judgment and remanded the case for a new trial on the merits, such judgment should not be reversed by the supreme court, for errors occurring previous to such reversal.
But this statute is not now in force, as we understand, and we see no reason why the party complaining of the judgment of reversal, should not have the right to have it reviewed at the proper time, and especially is this the case if the question is raised whether the court reviewing the judgment had jurisdiction to do so.
The question then for decision is, whether the order of the probate judge confirming the verdict of the jury, is a final judgment, to reverse which a proceeding in error may be prosecuted. To determine this, an examination of the various sections of the chapter as to the appropriation of lands by a corporation is necessary.
Section 6432 Rev. Stats., in effect, provides that on the return of the verdict of the jury, the judge shall cause it to be entered of record, and unless a new trial be granted, the judge shall enter a judgment confirming such verdict.” This was done in this case as has already been stated.
Section 6433, provides, that on the payment or deposit with the judge of the amount of the verdict and costs adjudged against the corporation, it may take and hold the property so appropriated. “ And the judge shall enter of record an order to that effect, and if necessary, proper process shall be issued to place the corporation in possession thereof.” — And sections 6434 and 6435 provide, that the corporation may, (at any time before the payment of the condemnation money), abandon the proceedings by paying costs, expenses and attorney’s fees, to be fixed or ascertained by the court. — Then sec. 6437 says, that “ either party may file a petition in error in the court of common pleas of the proper county, within thirty *52 days from the rendition of the final judgment in the probate court,” * * * “but the corporation may, on the rendition of the final judgment in the probate court, pay into said court, the amount of the judgment for compensation and costs therein rendered, and proceed to enter upon and appropriate the property, notwithstanding the pendency of the proceedings in error.”
It is apparent, we think, that the question under consideration must be determined by the language of the sections referred to, and not by other provisions of the statutes in regard to the prosecution of proceedings in error to reverse ordinary judgments. Instead of leaving proceedings in condemnation cases to be governed by those general provisions, the legislature has seen proper to point out, with particularity, when a petition in error may be filed in such cases, and has allowed it to be done only within thirty days from the rendition of the final judgment, instead of within two years as in other cases, and has attempted to define (not very clearly it must be confessed), what is the final judgment to reverse which a petition in error may be filed. No question can be made as to the power of the legislature to do this, and to call that a final judgment for this purpose, which would not ordinarily be so called, as not definitely fixing the rights of the parties to it.
The only question of -difficulty then is to determine, whether for the purposes of a petition in error under this statute, the judgment of the probate court confirming the verdict is a final judgment, or whether the order (as it is called in sec. 6433) made by the judge after the money is paid or deposited, is such final judgment. As a question of practice it is an important one.
If we are to be governed by our own views as to the meaning of these various provisions, we would be of the opinion that the order of the court confirming the verdict, and thus fixing the amount of compensation to be paid for the property sought to be appropriated, is the final judgment referred to in sec. 6437, and that the petition in error must be filed within thirty days from that time, or the right of the parties to do so is lost. It will be noticed that the words “ final judgment,” are twice used in this section — the first time fixing its rendition as the time when the thirty days begin to run— *53 and in the next succeeding sentence it is provided that the corporation, on the rendition of the “ final judgment,” may pay the money into court, and take possession of the property. It is a settled rule of construction of statutes, as we understand, that where the same words or terms occur more than once in sections referring to the same general subject, that they should receive the. same meaning in each case, unless for some other reason, shown therein, it is manifest that such could not be the legislative intent, and we think in this case, the judgment in each case called “ final,” is the same.
It is the claim of the counsel for the Railroad Co., that the final judgment is that which is made by the court giving to the Company the right to the land, and to the land-owner the right to the money. But it is clear that no such judgment or order can be made until after the money is paid to the landowner, or is deposited in court. Such is the substance of sec. 6433. But by the express terms of sec. 6437, the money may be paid into court by the corporation, “on” (which we think means after, as in sec. 6433,) “the rendition of the final judgment in the probate court ” — thus recognizing, and in effect enacting, that the judgment confirming the verdict is, for the purpose of proceedings in error, the final judgment. And this view is greatly strengthened, we think, by a consideration of the succeeding part of the last sentence of sec. 6437. It provides that “the corporation may, on the rendition of the final judgment in the probate court, pay into said court the amount of the judgment for compensation and costs therein rendered ” (viz., by the judgment confirming the verdict), “ and proceed to enter upon and appropriate the property, notwithstanding the pendency of the proceedings in error.” That is, the statute in effect recognizes, and thereby authorizes, the petition in error provided for in the same section, to be filed before the payment of the money by the corporation, and, consequently, before the order mentioned in sec. 6433, claimed by counsel for the corporation to be the only final judgment, could rightly be entered by the court.
Unless, then, there be some decision of the Supreme Court laying down a contrary doctrine, we would hold that the petition in error was properly filed in the court of common pleas, and that the court had jurisdiction thereof.
*54 Is there any such decision ? We are cited by counsel for plaintiff in error to several cases, which it is claimed show that the final judgment in condemnation cases, is that which vests the right to the land in the corporation, and to the deposit of money in the land owner. The first is that of Railroad Co. v. Patrick, 7 Ohio St. 170, in which it was held that until the judgment was entered in the probate court, vesting the title to the land in the corporation, or some other final disposition is made of the case, a petition in error is premature. If this decision had been made on the statutes as they now are, it would seem conclusive of the question. But such is not the case ; it was a construction of the 11th section of the act of April 30th, 1852. Swan’s Stat. (1854) 232, in connection with the general law as to reviewing on error final judgments, and that act contained no provision analogous to those now found in sec. 6438, fixing the limitation for the filing of petitions in error in such cases, and which, as we think, specify and point out the judgment to which a petition in error will lie.
The case of Ohio ex rel. Hayes v. Railroad Co., 17 Ohio St. 103, is also cited. The proceedings in that case were also under the law of 1852. The points decided were, that where before payment of the amount assessed by the jury, the corporation abandoned the proceedings, the probate court was not authorized to render a judgment against it for the amount fixed by the jury, though the verdict was confirmed by the court'; that such confirmation was in effect merely a negation of the right of the company to a new trial, and did not operate to give title to the land to the company, or entitle the land owner to the money, or a judgment for it.
For the same reasons before stated we think this decision does not apply to the case at bar. And while it is true that, for some purposes, the judgment made after the payment of the money into court, under the law as it now stands, may be viewed as a final judgment, yet we are of the opinion that the legislature by the introduction of sec. 6437 into the statutes, has in effect, as before stated, declared the judgment confirming the verdict to be the final judgment for the purposes of proceedings in error, as it might well do.
*55 Both parties rely on the decision of the case in Wagner v. R. R. Co., 38 Ohio St. 32, as supporting their respective views. The question actually decided, throws no particular light upon the subject. The effect of it is, that there must be a judgment confirming the verdict, before the corporation is entitled, by a deposit of the amount of the verdict, to the possession of the property appropriated. In the opinion of Judge Johnson, who announced the decision, he speaks of both of these judgments of the court as final judgment, and we are not able to see anything in the case or in the opinion at all decision of the question before us.
We are fully aware that the question is not free from grave doubt, but believe that the conclusion which we have reached as to the construction of the statutes is the correct one, and therefore decline to reverse the judgment of the court of common pleas on the ground that it had no jurisdiction of the petition in error.
It is also claimed that the court of common pleas erred in refusing to allow Dr. McWhinney, a witness called for the railroad company, to testify. The facts, as disclosed by the bill of exceptions, are these: The trial of the case commenced in the morning, and counsel were notified then by the court that the case must be concluded that day. The evidence of the land owner was finished by 2 o’clock, p. m. When called, none of the witnesses for the company answered. Its counsel informed the court that the witnesses were then on their way from Franklin, ten miles distant, and were notified that the court would wait until 4 p. m. for them. Then it was ascertained that a part of the witnesses for whom the company had ordered subpoenas, had by mistake not been issued for, and that counsel had excused Dr. McWhinney until the next day, and they asked the court to lay the case over that those omitted witnesses might be brought in. The court consented that this might be done, but directed that those who had been summoned should be examined at once. Further delay was had until 5p. m., when two witnesses who had been summoned by telephone, arrived and were examined, and it then appeared that the other witnesses for the company had been excused from attending on that day, and it was *56 stated by counsel for the company to the court that Doctor McWhinney had been excused by them, and would not be called as a witness at all. The court then adjourned until the next morning for the purpose of hearing only those witnesses who by mistake had not been summoned, and to this no objection was made.
J. H. Brotherton and P. H. Rue, attorneys for plaintiff in error.
J. A. McMahon, Warren Munger and W. L. Dechant, attorneys for defendant in error.
On the next morning, Dr. McWhinney was the first witness called by the company. It appearing from his preliminary examination that he had been first excused by counsel for the company from attendance on the previous day, and afterwards notified by telephone to.come at once, and then again excused by them until the following day, the court declined to allow him to testify in the case. To this action one of the counsel for the company then consented, but another of the counsel on the same side, as the bill states, excepted; but whether to the action of the court, or of his colleague, does not appear.
We think the ruling of the court in this respect was not an abuse of the discretion conferred upon it. It was not bound to await the pleasure of counsel in producing witnesses. In excusing them from attending as they were bound to do, counsel assumed the risk of their not being heard, and on the circumstances disclosed, the action of the court in laying the matter over for the hearing of special witnesses, and in declining to hear the evidence of the excused witness was proper, and no objection can now be taken to it.
The judgment of the Common Pleas will be affirmed, with costs.
Judge Swing is of the opinion that the judgment rendered by the Probate Court in the case under sec. 6432, was not a final order, to reverse which a proceeding in error could be prosecuted. That the order made under sec. 6433, after the deposit with the Probate Judge of the amount of the verdict, is the final order to reverse which proceedings in error may be prosecuted under sec. 6437.